# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JENNIFER HOYT,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **SA-11-CV-0505 FB (NN)** |
| **USAA FEDERAL SAVINGS BANK,** | § | |
| | § | |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATION

**TO:    Honorable Fred Biery**
**Chief United States District Judge**

This report and recommendation recommends granting the pending motion for summary judgment.

**Nature of the case**.  Plaintiff Jennifer Hoyt brought this lawsuit against USAA Federal Savings Bank (USAA) and alleged a violation of the Fair Credit Reporting Act (FCRA).  Hoyt complained that USAA reported and refused to update false and libelous credit information.  The summary-judgment record indicates Hoyt may have intended to sue USAA Savings Bank instead of USAA Federal Savings Bank,[1] but any mistake does not bear on the disposition of the pending motion.

---

[1]*See* docket entry # 8, p. 1 (stating that Hoyt once had a credit card account with USAA Savings Bank).

Hoyt filed her case in small claims court, but USAA removed the case to this court.[2]  Since that time, the discovery deadline passed[3] and USAA moved for summary judgment.[4]  I advised Hoyt about the necessity of responding to USAA's motion,[5] but she did not respond.  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6]

**USAA's grounds for summary judgment**.  USAA maintains it is entitled to summary judgment because: (1) Hoyt cannot show USAA made an inaccurate report, (2) Hoyt's claim is barred by limitations, (3) only government agencies can bring claims for inaccurate reporting, and (4) Hoyt cannot satisfy the statutory preconditions for a failure-to-correct claim.

Accuracy of credit reporting.  Hoyt alleged that USAA violated the FCRA by refusing to update false and libelous reporting of credit card payment information.  Hoyt claimed USAA falsely reported that she closed her account in February 2006 although she closed the account in October 2004.  The FCRA prohibits a person from

---

[2]Docket entry # 1.

[3]Docket entry # 4 (setting discovery deadline as Jan. 6, 2012).

[4]Docket entry # 8.

[5]Docket entry # 9.

[6]Fed. R. Civ. P. 56(a).

"furnish[ing] any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."[7]  To the extent Hoyt complained about false or inaccurate reporting, proving the defendant provided inaccurate information to a consumer reporting agency necessarily requires the plaintiff to prove that the reported information is inaccurate. USAA argued that it is entitled to summary judgment because Hoyt cannot show that USAA made an inaccurate report to the credit bureaus.

USAA's summary-judgment evidence shows Hoyt's account was closed in September 2004 and paid off in October 2004.[8]  Hoyt provided no summary-judgment evidence contradicting this showing.  In the absence of contradictory evidence, Hoyt failed to raise a fact question about whether USAA falsely reported that she closed her account in February 2006.  Because USAA showed "that there is no genuine dispute as to any material fact,"[9] USAA showed that is entitled to judgment as a matter of law. There are, however, other reasons USAA is entitled to summary judgment on Hoyt's claim.

Limitations.  The FCRA establishes the following limitations period:

---

[7]15 U.S.C.A. § 1681s-2(a)(1)(A).

[8]Docket entry # 8, ex. 3.

[9]Fed. R. Civ. P. 56(a).

> An action to enforce any liability…may be brought in…district court…not later than the earlier of—
>
> (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
>
> (2) 5 years after the date on which the violation that is the basis for such liability occurs.

Based on the latter date, October 2004 serves as the date of the basis for USAA's alleged liability because that is the date Hoyt alleged she closed her account.  Five years after that date is October 2009.  To be timely under the limitations period, Hoyt must have filed her lawsuit no later than October 2009.  Hoyt filed her lawsuit in May 2011.  The filing date fell outside the limitations period.  Hoyt's claim is barred by limitations.

Private cause of action.  Although the FCRA prohibits furnishers of information from knowingly providing inaccurate information to consumer reporting agencies, there is no private cause of action for furnishing inaccurate information.[10]  Only state and federal government agencies have enforcement authority.[11]  Hoyt is not a state or federal agency.  As a result, USAA is also entitled to summary judgment on the inaccurate-reporting claim because there is no private cause of action.

---

[10]*Smith v. Nat'l City Mortg.*, No. A-09-CV-881 LY, 2010 WL 3338537, at *14 (W.D. Tex. Aug. 23, 2010); *Davis v. Sallie Mae*, No. 3:09-CV-00821-B, 2009 WL 2525303, at *2 (N.D. Tex. Aug. 18, 2009) (stating that there is no private right of action against a "furnisher of information" for furnishing false information).

[11]*Id.*

Statutory preconditions.  The FCRA imposes a duty upon furnishers of credit information to provide credit information "necessary to make the information provided by the person to the agency complete and accurate."[12]  Hoyt complained that USAA failed to correct the information provided to credit reporting agencies.  To prevail her claim, Hoyt must show that: (1) she notified a consumer reporting agency of inaccurate information; (2) the consumer reporting agency notified USAA of the dispute; and (3) USAA failed to investigate the claim, correct any inaccuracies, and failed to notify the consumer reporting agency about the results of the investigation.[13]

USAA argued that it is entitled to summary judgment because no evidence exists that Hoyt contacted a consumer reporting agency and registered a complaint.  Hoyt presented no summary-judgment evidence that she contacted a consumer reporting agency and registered a complaint.  "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact…the court may…consider the fact undisputed for purposes of the motion."[14]  That is, the court may accept as true USAA's assertion that no evidence shows Hoyt contacted a consumer reporting agency and registered a complaint.  The summary-judgment record

---

[12]15 U.S.C. § 1681s-2(b).

[13]*Smith v. Nat'l City Mortg.*, No. A-09-CV-881 LY, 2010 WL 3338537, 15 (W.D. Tex. Aug. 23, 2010).

[14]Fed. R. Civ. P. 56(e)(2).

contains no evidence that Hoyt contacted a consumer reporting agency and registered a complaint.  USAA is entitled to summary judgment on Hoyt's failure-to-correct-credit-information claim.

**Recommendation**.  I recommend granting USAA's motion (docket entry # 8) because Hoyt presented no summary-judgment evidence raising a fact question about her claim.  If the court accepts this recommendation, final summary-judgment may be entered in USAA's favor.

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[15]  Such party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A

---

[15]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[16]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[17]

  **SIGNED** on March 15, 2012.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[16]*Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[17]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).